IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JEFFREY HUGHES, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | §  Case No. _____ |
| | § |
| ZANE DUNCAN, GARY M. FAULCON, | § |
| TIM GOBBLE, MAE BEAVERS, | § |
| ROBERTA NEVIL KUSTOFF, and | § |
| BARRETT RICH, | § |
| | § |
| *Defendants*. | § |

## COMPLAINT

For his Complaint against the Defendants, Plaintiff Jeffrey Hughes states as follows:

### I. INTRODUCTION

1. In an illicit effort to prolong the Plaintiff's incarceration for approximately three additional months, the Tennessee Board of Parole acted in a manner that the Chancery Court for Davidson County, Tennessee, has already determined was "inconsistent with all principles of due process and of the obligation of the State to 'follow the laws of the State of Tennessee as well as its own rules . . . .'" *See* **Ex. 1**, Sep. 24, 2021 Memo. and Order at 8 (cleaned up). The Chancery Court accordingly determined—in a final and unappealed merits order—that: "**The Board's action denied Mr. Hughes the opportunity to exercise his substantive rights at a meaningful time and in a meaningful manner as due process requires.**" *Id.* at 9 (emphasis added).

-1-

2. Following entry of its order, the Chancery Court's ruling that the Tennessee Board of Parole violated Mr. Hughes' clearly established constitutional right to due process of law became a final judgment that was not appealed. Accordingly, the Chancery Court's judgment is *res judicata* as to the Tennessee Board of Parole and its privies, including each Defendant.

3. The effect of the Defendants' already-determined violation of Mr. Hughes' clearly established constitutional right to due process of law was to cause the Plaintiff to be incarcerated for an additional three months—until December 27, 2021—notwithstanding the Plaintiff's presumptive statutory right to be released on parole upon reaching his September 30, 2021 release eligibility date.

4. Mr. Hughes' presumptive statutory right to be released on parole upon reaching his September 30, 2021 release eligibility date was a constitutionally protected liberty interest, and it could be denied only "for good cause shown" by the Tennessee Board of Parole at a hearing on or before that date. *See* Tenn. Code Ann. § 40-35-503(i)(1). The Tennessee Board of Parole neither made nor even attempted to make such a showing by September 30, 2021 or at any time afterward, however, and it did not afford Mr. Hughes a hearing under the provisions of the Reentry Success Act of 2021 until November 29, 2021. Following that hearing, after determining that Mr. Hughes was indeed entitled to be released on parole, the Tennessee Board of Parole then caused the Plaintiff to remain incarcerated until December 27, 2021.

5. Because the Defendants' already-determined violation of Mr. Hughes' clearly established right to due process of law caused Mr. Hughes to be incarcerated for three additional months beyond the date when he was statutorily entitled to be released on parole, Mr. Hughes has initiated this action for damages arising from the three

-2-

additional months of incarceration to which the Defendants unlawfully subjected him.

## II. PARTIES

6. Plaintiff Jeffrey Hughes is a citizen of Tennessee and a resident of Lawrence County, Tennessee. Mr. Hughes was the prevailing petitioner in Davidson County Chancery Court Case No.: 21-0618-II, *Jeffrey Wayne Hughes v. Tennessee Board of Parole*, which resulted in an unappealed final judgment. Mr. Hughes may be contacted through counsel.

7. Defendant Zane Duncan is a member of the Tennessee Board of Parole who "denied Mr. Hughes the opportunity to exercise his substantive rights at a meaningful time and in a meaningful manner as due process requires." **Ex. 1** at 9. Defendant Duncan is sued in his individual capacity. Defendant Duncan may be served at his residence or wherever he may be found.

8. Defendant Gary M. Faulcon is a member of the Tennessee Board of Parole who "denied Mr. Hughes the opportunity to exercise his substantive rights at a meaningful time and in a meaningful manner as due process requires." *Id.* Defendant Faulcon is sued in his individual capacity. Defendant Faulcon may be served at his residence or wherever he may be found.

9. Defendant Tim Gobble is a member of the Tennessee Board of Parole who "denied Mr. Hughes the opportunity to exercise his substantive rights at a meaningful time and in a meaningful manner as due process requires." *Id.* Defendant Gobble is sued in his individual capacity. Defendant Gobble may be served at his residence or wherever he may be found.

10. Defendant Mae Beavers is a member of the Tennessee Board of Parole who "denied Mr. Hughes the opportunity to exercise his substantive rights at a meaningful

time and in a meaningful manner as due process requires." *Id*. Defendant Beavers is sued in her individual capacity. Defendant Beavers may be served at her residence or wherever she may be found.

11. Defendant Roberta Nevil Kustoff is a member of the Tennessee Board of Parole who "denied Mr. Hughes the opportunity to exercise his substantive rights at a meaningful time and in a meaningful manner as due process requires." *Id*. Defendant Kustoff is sued in her individual capacity. Defendant Kustoff may be served at her residence or wherever she may be found.

12. Defendant Barrett Rich is a member of the Tennessee Board of Parole who "denied Mr. Hughes the opportunity to exercise his substantive rights at a meaningful time and in a meaningful manner as due process requires." *Id*. Defendant Rich is sued in his individual capacity. Defendant Rich may be served at his residence or wherever he may be found.

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction over the Plaintiff's federal claims in this civil action pursuant to 28 U.S.C. §§ 1331, 1343(a), and 42 U.S.C. § 1983.

14. As the judicial district in which a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

15. As the judicial district in which one or more Defendants reside, and all Defendants being residents of the State of Tennessee, venue is additionally proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

### IV. FACTUAL ALLEGATIONS

16. Plaintiff Jeffrey Wayne Hughes is a beneficiary of Tennessee's Reentry

-4-

Case 3:22-cv-00238   Document 1   Filed 04/05/22   Page 4 of 12 PageID #: 4

Success Act of 2021—a 2021 statute of statewide effect that significantly altered several components of parole determinations in Tennessee.

17. Most significantly, the Reentry Success Act of 2021 amended Tenn. Code Ann. § 40-35-503 to provide that: "Notwithstanding subsection (b), there is a presumption that an eligible inmate **must be released on parole**, except for good cause shown, **upon the inmate reaching the inmate's release eligibility date** or any subsequent parole hearing." *See* TN LEGIS 410 (2021), 2021 Tennessee Laws Pub. Ch. 410 (H.B. 785), at § 12 (emphases added). Thus, an eligible inmate who qualifies under the Reentry Success Act of 2021 has a presumptive statutory right to release on parole "upon the inmate reaching the inmate's release eligibility date" or at any parole hearing after the inmate's release eligibility date, and that presumptive statutory right can only be overcome "for good cause shown." *See* Tenn. Code Ann. § 40-35-503(i)(1).

18. As an "eligible inmate" within the meaning of the Reentry Success Act of 2021, Mr. Hughes was entitled to the Act's benefits, and the Defendants were obliged to comply with state law and afford those benefits to Mr. Hughes.

19. Because Mr. Hughes was an "eligible inmate" within the meaning of the Reentry Success Act of 2021, Mr. Hughes was entitled—as a matter of statutory right—to "be released on parole, except for good cause shown, upon [] reaching [his] release eligibility date . . . ." *See* Tenn. Code Ann. § 40-35-503(i)(1).

20. Mr. Hughes reached his release eligibility date on September 30, 2021. *See* **Ex. 2** ("RED 09/30/2021").

21. The Davidson County Chancery Court has already determined, in a final and unappealed merits ruling, "that [the Plaintiff's] release eligibility date . . . as of September 28, 2021, was September 30, 2021." *See* **Ex. 3**, Nov. 22, 2021 Memo. and Order at 3.

22. Notwithstanding Mr. Hughes' constitutionally protected liberty interest in being released on parole upon reaching his release eligibility date on September 30, 2021, the Defendants did not cause Mr. Hughes to be released on parole upon reaching his release eligibility date on September 30, 2021.

23. The Defendants also did not hold a hearing during which they showed—or even *attempted* to show—good cause to overcome the Reentry Success Act's statutory presumption that Mr. Hughes be released on parole upon reaching his September 30, 2021 release eligibility date.

24. Instead, without affording him a hearing, the Defendants summarily denied Mr. Hughes the opportunity to be released on parole upon reaching his September 30, 2021 release eligibility date, and they resolved that they would not afford Mr. Hughes a hearing under the Reentry Success Act of 2021 until July 2022. As grounds, the Board asserted that it did "'not have the ability or resources necessary'" to hold Reentry Success Act-compliant hearings for inmates who had been given parole hearings before the law took effect. *See* **Ex. 1** at 4.

25. Pursuant to a petition for a writ of certiorari, Mr. Hughes petitioned the Davidson County Chancery Court for judicial review of the Board's determination that it would not afford him a Reentry Success Act-compliant hearing at any point before July 2022. Upon review of that petition, the Chancery Court for Davidson County, Tennessee, held that the Board's approach was:

> [I]nconsistent with all principles of due process and of the obligation of the State to "'follow the laws of the State of Tennessee as well as its own rules, and that inmates are entitled to whatever due process arises as a result of the proper application of state statutes and the rules.'" *Greenwood v. Tenn. Bd. of Parole*, 547 S.W.3d 207, 214-15 (Tenn. Ct. App. 2017) (quoting *Wells v. Tenn. Bd. of Paroles*, 909 S.W.2d 826, 829 (Tenn. Ct. App. 1995)).

-6-

Case 3:22-cv-00238   Document 1   Filed 04/05/22   Page 6 of 12 PageID #: 6

*Id.* at 8–9.

26. The Chancery Court's ruling ultimately became a final judgment, and it was not appealed.

27. The Chancery Court for Davidson County further determined that inmates who are eligible under the Reentry Success Act of 2021 "are entitled to a parole hearing within a reasonable time of their release eligibility date, as well as a presumption of parole release except for good cause shown, which must be reduced to writing with an explanation regarding what the inmate can do to improve his or her chances." *Id.* at 9.

28. The above ruling ultimately became a final judgment, and it was not appealed.

29. The Chancery Court for Davidson County further determined that "the Board failed to adhere to the requirement of the Act, codified at Tenn. Code Ann. § 40-35-503(i) and (j), when it denied Mr. Hughes' June 23, 2021 request for a parole hearing earlier than July of 2022 and in reasonable proximity to his release eligibility date." *Id.*

30. The above ruling ultimately became a final judgment, and it was not appealed.

31. The Chancery Court for Davidson County further determined that "[t]he Board's action denied Mr. Hughes the opportunity to exercise his substantive rights at a meaningful time and in a meaningful manner as due process requires." *Id.*

32. The above ruling ultimately became a final judgment, and it was not appealed.

33. Each Defendant is a member of—and in privity with—the Tennessee Board of Parole, which was the Respondent in Davidson County Chancery Court Case No.: 21-0618-II, *Jeffrey Wayne Hughes v. Tennessee Board of Parole*.

34. Despite a known statutory obligation to cause Mr. Hughes to be released on parole upon reaching his September 30, 2021 release eligibility date absent a showing of good cause to deny him parole, the Defendants did not cause Mr. Hughes to be released on parole upon reaching his September 30, 2021 release eligibility date. Indeed, they did not even afford Mr. Hughes a Reentry Success Act-compliant parole hearing until November 29, 2021. *See* **Ex. 4**. The Board was capable of affording Mr. Hughes a hearing before that time, and dozens of other inmates were afforded hearings between November 4, 2021 and November 10, 2022. *See* **Ex. 5**.

35. After holding an untimely hearing and voting to approve Mr. Hughes' statutory right to release on parole thereafter, the Defendants issued a Parole Certificate that prevented Mr. Hughes from being released until "12/27/2021," *see* **Ex. 6**—thereby depriving Mr. Hughes of the opportunity to spend Christmas with his family.

36. Upon investigation into that delay, the Tennessee Department of Correction—while bound by the December 27, 2021 release date set forth on Mr. Hughes' Parole Certificate—was "not able to discern why the Board chose December 27 as the authorized date for release to parole for Mr. Hughes." *See* **Ex. 7.** Of note, though, after Mr. Hughes' petition for a writ of certiorari was granted by the Davidson County Chancery Court, Mr. Hughes had expressed, through counsel, his excitement about being reunited with his family by Christmas. *See* **Ex. 8**, Mariah Timms, *Tennessee parole board must set a timely release hearing under new 'good cause' law, Nashville judge rules*, THE TENNESSEAN (Sep. 28, 2021), https://www.tennessean.com/story/news/politics/2021/09/28/tennessee-parole-board-must-set-timely-release-hearing-under-new-good-cause-law-nashville-judge-rule/5884254001/.

# V. CAUSES OF ACTION

<u>CLAIM #1: VIOLATION OF PROCEDURAL DUE PROCESS UNDER 42 U.S.C. § 1983</u>

37. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

38. Procedural due process requires that a person be afforded notice and a meaningful opportunity to be heard before the state deprives him of a protected liberty interest.

39. By refusing to afford Mr. Hughes a timely parole hearing in compliance with the Reentry Success Act of 2021 prior to July 2022 notwithstanding his presumptive right to release on parole upon reaching his September 30, 2021 release eligibility date, the Defendants summarily deprived Mr. Hughes of his protected liberty interest in parole, and they abridged Mr. Hughes' constitutionally protected due process right to a hearing at a meaningful time and in a meaningful manner.

40. At the time the Defendants summarily deprived Mr. Hughes of his protected liberty interest in parole and violated Mr. Hughes' constitutionally protected right to a hearing at a meaningful time and in a meaningful manner, it was clearly established that: "'The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Johnson v. Morales*, 946 F.3d 911, 927 (6th Cir. 2020) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976) (in turn quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965))).

41. At the time the Defendants summarily deprived Mr. Hughes of his protected liberty interest in parole and violated Mr. Hughes' constitutionally protected right to a hearing at a meaningful time and in a meaningful manner, it was clearly established that

when a statutory scheme creates "an expectation of parole," it "amount[s] to a liberty interest" that is protected by the due process clause. *See Mayes v. Trammell*, 751 F.2d 175, 177 (6th Cir. 1984).

42. For eligible inmates, the Reentry Success Act of 2021 created an expectation of parole upon reaching their release eligibility dates absent good cause shown by the Board of Parole at a hearing.

43. Mr. Hughes, as an eligible inmate, had an expectation of parole upon reaching his September 30, 2021 release eligibility date unless the Board of Parole showed good cause to deny him parole at a hearing.

44. The Board of Parole did not hold a hearing and show good cause to deny Mr. Hughes parole upon reaching his September 30, 2021 release eligibility date.

45. Indeed, the Board of Parole did not even *attempt* to show good cause to deny Mr. Hughes parole upon reaching his September 30, 2021 release eligibility date. Nor did it attempt to show good cause to deny Mr. Hughes parole at any time thereafter.

46. At the time the Defendants violated Mr. Hughes' constitutionally protected right to a hearing at a meaningful time and in a meaningful manner, it was clearly established "that 'the Board of Paroles is obligated to follow the laws of the State of Tennessee as well as its own rules, and that inmates are entitled to whatever due process arises as a result of the proper application of the state statutes and the rules.'" *Greenwood v. Tennessee Bd. of Parole*, 547 S.W.3d 207, 215 (Tenn. Ct. App. 2017) (quoting *Wells v. Tenn. Bd. of Paroles*, 909 S.W.2d 826, 829 (Tenn. Ct. App. 1995)).

47. Notwithstanding this obligation, the Board of Parole—including each individual Defendant—"failed to adhere to the requirement of the [Reentry Success] Act, codified at Tenn. Code Ann. § 40-35-503(i) and (j), when it denied Mr. Hughes' June 23,

2021 request for a parole hearing earlier than July of 2022 and in reasonable proximity to his release eligibility date." *See* **Ex. 1** at 9.

48. The Board's approach was:

[I]nconsistent with all principles of due process and of the obligation of the State to "'follow the laws of the State of Tennessee as well as its own rules, and that inmates are entitled to whatever due process arises as a result of the proper application of state statutes and the rules.'" *Greenwood v. Tenn. Bd. of Parole*, 547 S.W.3d 207, 214-15 (Tenn. Ct. App. 2017) (quoting *Wells v. Tenn. Bd. of Paroles*, 909 S.W.2d 826, 829 (Tenn. Ct. App. 1995)).

*Id.* at 8–9.

49. In a final and unappealed merits order that is *res judicata* as to each Defendant, the Davidson County Chancery Court has already determined that "[t]he Board's action denied Mr. Hughes the opportunity to exercise his substantive rights at a meaningful time and in a meaningful manner as due process requires." *Id.* at 9.

50. But for the Defendants' violation of Mr. Hughes' clearly established constitutional right to due process of law, Mr. Hughes would have been released on parole upon reaching his release eligibility date on September 30, 2021.

51. As a result of the Defendants' violation of Mr. Hughes' clearly established constitutional right to due process of law, Mr. Hughes spent an additional three months in prison during a deadly pandemic; he was deprived of the opportunity to spend the Thanksgiving and Christmas holidays at home with his wife and children; and he incurred legal fees and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. That process issue, and that the Defendants be required to appear and answer this Complaint within the time required by law;

2. That the Plaintiff be awarded all compensatory, consequential, incidental, and punitive damages to which he is entitled in an amount not less than $1 million;

3. That the Plaintiff be awarded all costs and discretionary costs of trying this action;

4. That the Plaintiff be awarded his reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b);

5. That pre-judgment and post-judgment interest be awarded to the Plaintiff;

6. That permanent injunctive and declaratory relief issue; and

7. That the Plaintiff be awarded any and all further relief to which it appears he is entitled.

Respectfully submitted,

/s/ Daniel A. Horwitz
Daniel A. Horwitz, BPR #032176
Lindsay Smith, BPR #035937
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
(615) 739-2888

*Attorneys for Plaintiff*