# IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY, PART II

| | |
|---|---|
| **JEFFREY WAYNE HUGHES,** | ) |
| **Petitioner,** | ) |
| v. | ) No. 21-618-II |
| **TENNESSEE BOARD OF PAROLE,** | ) |
| **Respondent.** | ) |

## MEMORANDUM AND ORDER

This matter came before the Court on November 19, 2021, upon the October 22, 2021 Motion of Respondent to Alter or Amend, filed pursuant to Tenn. R. Civ. Pro. 59.04. Additionally, the Court had previously ruled on Petitioner's motion for Leave to Introduce Testimony of Pamela Lorch, ordering Respondent to provide a witness or witnesses who could testify regarding the calculation of Petitioner's release eligibility date ("RED"), documents that support the assertions in its Motion to Alter or Amend regarding Petitioner's RED, and Respondent's inconsistent positions regarding Petitioner's RED in the Administrative Record and in pleadings and arguments filed with and made to the Court and as set out in the exhibits attached to Petitioner's motion.

Respondent presented testimony from Deputy Commissioner of the Department of Corrections Debra Inglis, and Director of Sentence Management Services for the Department of Corrections Candace Whisman. Counsel examined both witnesses regarding the three subjects set out in the Court's prior Order. Neither witness could testify regarding Respondent's inconsistent positions regarding Petitioner's RED although counsel attempted to address that issue through argument. Eleven (11) exhibits were introduced that documented Respondent's consistent position regarding Petitioner's RED prior to the Court's September 24, 2021 final order in this matter.

The Court denies Respondent's Motion to Alter or Amend for two reasons. Procedurally, the motion is improper because it was not filed ***and served*** within thirty (30) days of the entry of judgment as required by Rule 59.04. Thus, it is untimely and not properly before this Court.

Even if the motion were timely, however, Respondent has not demonstrated a basis for the Court to alter or amend its final judgment. Respondent argues, for the first time, that the term "release eligibility date", as used in the Reentry Success Act of 2021 (the "Act"), as well as throughout the Tennessee Code in Chapters 40 and 41 regarding criminal procedure and correctional institutions and inmates, does not actually mean release eligibility date, as tracked by the DOC. Rather, Respondent now asserts that the "safety valve" or SV date is, in fact, the release eligibility date. This is despite Petitioner's showing, through hearing exhibits 2-7, that the DOC tracks those dates separately, and that the Act uses the term release eligibility date and not safety valve throughout. The operable provision relevant to the relief the Petitioner seeks in this action uses the term release eligibility date, not safety valve date, and that is the term the Court applies in this action. The Court "must construe a state in a reasonable manner `which avoids statutory conflict and provides for harmonious operation of the laws.'" *Womack v. Corrections Corporation of America*, 448 S.W.3d 362, 366 (Tenn. 2014). In *Womack*, the Tennessee Supreme Court went further, stating:

> Our analysis naturally beings with the words used in the statute. The words `must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose.' We presume that every word in the statute has meaning and purpose and should be given full effect unless the obvious intention of the general Assembly indicates otherwise. If the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage, without adopting a forced interpretation."

*Id.* (citations omitted).

According to Exhibit 4, which was authenticated by Ms. Inglis, Respondent's witness, Petitioner's RED as of September 28, 2021, four days after this Court's judgment, was September 30, 2021. In the Court's order, Respondent was required to set a parole hearing for Petitioner within sixty (60) days of his release eligibility date. That remains the order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Respondent's Motion to Alter or Amend is DENIED. The Court's September 24, 2021 final judgment remains. Further, the Court finds that Petitioner's release eligibility date, for the purposes of that Order, as of September 28, 2021, was September 30, 2021.

**It is so ORDERED.**

*s/Anne C. Martin*
**ANNE C. MARTIN**
**CHANCELLOR, PART II**

cc:  Daniel A. Horwitz, Esq.
Lindsay B. Smith, Esq.
Horwitz Law, PLLC
4016 Westlawn Drive
Nashville, TN  37209
daniel@horwitz.law
lindsay@horwitz.law

Pamela S. Lorch, Esq.
Office of the Attorney General & Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
pam.lorch@ag.tn.gov