# IN THE CHANCERY COURT FOR THE TWENTIETH JUDICIAL DISTRICT
# DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| JEFFREY WAYNE HUGHES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 21-0618-II |
| ) | |
| TENNESSEE BOARD OF PAROLE, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE WRIT OF CERTIORARI**

Respondent, Tennessee Board of Parole, submits this memorandum of law in support of its motion to dismiss and states as follows:

## INTRODUCTION

Petitioner is an inmate incarcerated with the Tennessee Department of Correction who has been housed at the Bledsoe County Correctional Complex at all times relevant to the petition. On July 1, 2021, Petitioner filed his Petition for Writ of Certiorari pursuant to Tenn. Code Ann. § 27-8-101 and § 27-9-101. Petitioner alleges that the Tennessee Board of Parole ("the Board") acted arbitrarily, capriciously, and illegally by denying his June 2021 petition to have a parole hearing held prior to his release eligibility date in order to meet the requirements of the newly enacted Reentry Success Act of 2021. Petitioner further alleges that the enactment of the Reentry Success Act of 2021 renders the Board's July 2020 decision to deny him parole currently illegal. Petitioner further alleges that the Reentry Success Act itself is "significant new information" that requires the Board to release Petitioner on parole upon reaching his release eligibility date or hold a hearing before then and demonstrate good cause to deny Petitioner's release.

1

This Court lacks jurisdiction to review the Board's decision to deny Petitioner parole in July 2020 because Petitioner did not file a petition for writ of certiorari within sixty (60) days of that decision, as required by Tenn. Code Ann. 27-9-102. Further, the Court lacks jurisdiction under a petition for writ of certiorari to review the issues raised in Petitioner's attorney's June 2021 petition as there was no adjudicative hearing or order for the Court to review. Additionally, the Reentry Success Act of 2021 cannot be applied retroactively to any decision to deny Petitioner parole, and Petitioner already received his statutorily mandated hearing prior to his release eligibility date. Furthermore, the Board's Rules and Regulations do not provide for reopening the decision to deny Petitioner parole based upon significant new information. Therefore, the writ of certiorari should be dismissed.

## STATEMENT OF FACTS

For purposes of Respondent's motion to dismiss only, the following set of facts, as pled by Petitioner, are deemed to be true.

Petitioner is an inmate incarcerated with the Tennessee Department of Correction who, at all times relevant to his Petition for Writ of Certiorari, has been housed at the Bledsoe County Correctional Complex. Petition, at p. 4. Petitioner was convicted of a low-level or non-violent felony offense, is a low-risk offender, can complete the Board's recommended programming in the community, and has not received a recent disciplinary offense. *Id.*, at pp. 7, 11-12.

Petitioner participated in a parole hearing on July 22, 2020. *Id.*, at 10; Ex. 1, Att. 6. The next day, the Board made a final decision to decline parole for Petitioner, on the basis that Petitioner's release from custody at this time would depreciate the seriousness of the crime for which he stands convicted or promote disrespect of the law. *Id.*, at 11; Ex. 1, Att. 6. The Board also found that Petitioner needed to complete a cognitive behavioral intervention program before

he could be released on parole. *Id.* at 11; Ex. 1, Att. 6. The Board scheduled Petitioner's next parole hearing for July 2022. *Id.*, at 2; Ex. 1, Att. 6.

Subsequently, the Tennessee General Assembly passed, and Governor Bill Lee signed into law, Public Chapter No. 410, the Reentry Success Act of 2021. *Id.*, at pp. 5-6. A provision of the Reentry Success Act of 2021 amended Tenn. Code Ann. § 40-35-503 to require that "notwithstanding [Tenn. Code Ann. § 40-35-503(b)[1]], there is a presumption that an eligible

---

[1] Tenn. Code Ann. § 40-35-503(b), as set forth in the Reentry Success Act of 2021, provides the following:

> (b) Release on parole is a privilege and not a right, and no inmate convicted shall be granted parole if the board finds that:
>
> (1) There is a substantial risk that the incarcerated individual will not conform to the conditions of the release program;
>
> (2)(A) The release from custody at the time would depreciate the seriousness of the crime of which the incarcerated individual stands convicted or promote disrespect for the law, except that the board's finding shall not be the sole basis for denying parole unless the individual is serving a sentence for any of the following offenses, in which case the board may deny parole for seriousness of the offense:
>
> (i) First degree murder or an attempt to commit, solicitation of, or facilitation of first degree murder;
>
> (ii) Second degree murder or an attempt to commit or facilitation of second degree murder;
>
> (iii) Voluntary manslaughter;
>
> (iv) Aggravated vehicular homicide;
>
> (v) Vehicular homicide;
>
> (vi) Especially aggravated kidnapping or an attempt to commit or facilitation of especially aggravated kidnapping;
>
> (vii) Trafficking for a commercial sex act;
>
> (viii) A human trafficking offense;
>
> (ix) Advertising commercial sexual abuse of a minor;

inmate must be released on parole, except for good cause shown, upon the inmate reaching the inmate's release eligibility date or any subsequent parole hearing." *Id.*, at pp. 6. The Reentry Success Act of 2021 became effective July 1, 2021. *Id.*

Depending on his anticipated forthcoming credits and good time, Petitioner will reach his release eligibility date in September 2021 or, at the latest, January 2022. *Id.*, at p. 7. On June 21,

---

(x) Especially aggravated robbery or an attempt to commit or facilitation of especially aggravated robbery;

(xi) Aggravated rape of a child or an attempt to commit or facilitation of aggravated rape of a child;

(xii) Aggravated rape or an attempt to commit or facilitation of aggravated rape;

(xiii) Rape of a child or an attempt to commit or facilitation of rape of a child;

(xiv) Rape;

(xv) Aggravated sexual battery;

(xvi) Especially aggravated burglary;

(xvii) Aggravated child abuse;

(xviii) Aggravated sexual exploitation of a minor;

(xix) Especially aggravated sexual exploitation of a minor;

(xx) Aggravated vehicular assault;

(xxi) Aggravated abuse of an elderly or vulnerable adult, or

(xxii) Vehicular assault;

(B) If the board denies parole for the seriousness of the offense, then the board shall state in writing how the inmate can improve the inmate's chances of being released on parole at the inmate's next hearing

(3) The release from custody at the time would have a substantially adverse effect on institutional discipline; or

(4) The incarcerated individual's continued correctional treatment, medical care or vocational or other training in the institution will substantially enhance the incarcerated individual's capacity to lead a law-abiding life when given release status at a later time.

2021, Petitioner sent a petition to the Board, requesting that the Board schedule prompt parole hearing dates for inmates, including Petitioner, who qualify under the Reentry Success Act of 2021, to take place prior to the inmates' forthcoming release eligibility dates. *Id.*, at p. 9; Ex. 1. Petitioner alternatively requested that the Board grant all qualifying inmates, including Petitioner, release upon parole upon reaching their release eligibility dates due to "[the Board's] failure and refusal to demonstrate good cause to deny such release in accordance with the Reentry Success Act of 2021." *Id.*, at p. 9. Petitioner's counsel appeared before the Board at its June 23, 2021 administrative meeting and requested the same relief. *Id.* The Board took no action on Petitioner's requests at that meeting. *Id.*, at pp. 9-10.

On June 24, 2021, Petitioner's counsel emailed the Board's web email address, directing the Board and staff attorney Rachel Hitt to the June 21st petition that counsel had attached to the email. *Id.*, at Ex. 2. A reply email from the Board's web email address indicated that Petitioner already had a hearing before his release eligibility date in 2020, as required by Tenn. Code Ann. § 40-35-503(d). *Id.* The reply email further stated that Petitioner's next parole hearing will be in July 2022, and that "he will receive presumptive consideration for release at that time, if he meets all the requirements under the law." *Id.*

## LEGAL STANDARD

"A motion to dismiss for lack of subject matter jurisdiction falls within the purview of Tenn. R. Civ. P. 12.02(1)." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). "In the absence of subject-matter jurisdiction, a court cannot enter a valid, enforceable order." *Mosley v. State*, 475 S.W.3d 767, 770 (Tenn. Ct. App. 2015), quoting *Earls v. Mendoza*, No. W2010-01878-COA-R3-CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011). In resolving a question of subject-matter jurisdiction, a court must "first ascertain the nature

5

or gravamen of the case" and "then determine whether the Tennessee Constitution, the General Assembly, or the common law have conferred on it the power to adjudicate cases of that sort." *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006).

"The basis for [a] motion [to dismiss for failure to state a claim] is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law." *Cook By & Through Uithoven v. Spinnaker's Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). Accordingly, a trial court is limited to the complaint, taking all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Even so, the trial court need not "credit conclusory allegations or draw farfetched inferences." *Chenault v. Walker*, 36 S.W.3d 45, 56 (Tenn. 2001). If the factual averments "will not entitle the plaintiff to relief or . . . [are] totally lacking in clarity and specificity," dismissal under Tenn. R. Civ. P. 12.02(6) is warranted. *Pendleton v. Mills*, 73 S.W.3d 115, 120 (Tenn. Ct. App. 2001).

Motions to dismiss brought pursuant to Tenn. R. Civ. P. 12.02(6) challenge the legal sufficiency of the complaint. *Givens v. Mullikin ex rel. Estate of McElwaney,* 75 S.W.3d 383, 406 (Tenn. 2002). Such motions require the court to focus only on the complaint itself. *Mitchell v. Campbell,* 88 S.W.3d 561, 564 (Tenn. Ct. App. 2002).

### I. This Court Lacks Subject-Matter Jurisdiction to Review the Board's July 2020 Decision to Deny Petitioner Parole and Schedule His Next Parole Hearing for July 2022.

Judicial review of an action taken by an administrative body like the Board is accomplished through the common law writ of certiorari. *Thandiwe v. Traughber,* 909 S.W. 2d 802, 803 (Tenn, Ct. App. 1994). In order to seek review, a petition for certiorari must be filed within sixty days of the entry of the administrative body's decision. *Metz v. Metro. Gov't of Nashville and Davidson*

*Cnty.*, 547 S.W.3d 221, 225 (Tenn. Ct. App. 2017) (citing Tenn. Code Ann. § 27–9–102 (2017)). The purpose behind the requirement that a petition for writ of certiorari be filed within sixty days of entry of a final judgment is "to promote the timely resolution of disputes by establishing filing deadlines that will keep cases moving through the system." *Id.* (quoting *Hickman v. Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001)). The sixty-day time limit applies equally to common law and statutory writs of certiorari. *Thandiwe*, 909 S.W.2d at 804. The sixty-day time limit is jurisdictional and the "[f]ailure to file a writ within this period precludes review of such decisions by the courts." *Id.* (quoting *Johnson v. Metropolitan Gov't for Nashville Davidson Cnty.*, 54 S.W.3d 772, 774 (Tenn. Ct. App. 2001)).

In this case, the Board denied Petitioner parole on July 23, 2020 following a hearing on the matter and set Petitioner's next parole hearing for July 2022. *Id.* at 2, 10-11; Ex. 1, Att. 6. Petitioner did not file his Petition for Writ of Certiorari until July 1, 2021, nearly a full year after the Board's decision. Therefore, to the extent Petitioner challenges the Board's decision to deny him parole in July 2020 and schedule his next parole hearing for July 2022, this Court lacks jurisdiction to review the Board's decision.

## II. The Court Does Not Have Writ of Certiorari Jurisdiction Over the Issues Raised by Petitioner's June 2021 Petition.

"Whether a prisoner should be granted parole is a decision entrusted to the Board, not the courts." *Phifer v. Tenn. Bd. of Parole*, No. M2000-01509-COA-R3-CV, 2002 WL 31443204, at *3 (Tenn. Ct. App. Nov. 1, 2002). Prisoners who are dissatisfied with the Board's decisions may obtain judicial review of the decisions through a petition for common law writ of certiorari. *Id.*; *see also Garrett v. Tenn. Bd. of Parole*, No. M2019-01742-COA-R3-CV, 2021 WL 2556643, at *2 (Tenn. Ct. App. June 22, 2021) (stating that a writ of certiorari is the "procedural vehicle through which prisoners may seek review of decisions by . . . parole eligibility review boards . . .

7

.") (internal citation omitted). The first step in the "parole decision process" is a hearing before a designated Board member or hearing officer to determine whether a prisoner should be released on parole. *Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997).

In this case, no adjudicatory hearing was held nor any order issued that would constitute a "parole decision" that is subject to judicial review through a writ of certiorari. On June 21, 2021, Petitioner sent a petition to the Board, requesting that the Board schedule prompt parole hearing dates for qualified inmates, like Petitioner, under the Reentry Success Act of 2021, to take place prior to the inmates' forthcoming release eligibility dates. Petition, at p. 9; Ex. 1. Petitioner alternatively requested that the Board grant all qualifying inmates, like Petitioner, parole upon reaching their release eligibility dates. *Id.*, at p. 9; Ex. 1. Petitioner's attorney appeared at the Board's June 23, 2021 administrative meeting to discuss the petition. *Id.*, at 9; Ex. 1, Att. 3. This was not a hearing to determine whether Petitioner was eligible for parole nor to determine whether to grant him parole.

On June 25, 2021, the Board's web email address replied to Petitioner's attorney by reiterating that Petitioner already had a hearing in 2020 before his release eligibility date and that his next parole hearing will be in July 2022. *Id.*, at Ex. 2. The email did not render a decision on whether Petitioner was eligible for parole, render a decision on whether Petitioner should be granted parole, nor set Petitioner's next hearing date following a parole hearing. Therefore, there is no parole decision related to the June 2021 events that is subject to judicial review, and this Court does not have jurisdiction to adjudicate the writ of certiorari.

8

Case 3:22-cv-00238 Document 23-2 Filed 07/11/22 Page 8 of 11 PageID #: 179

### III. The Reentry Success Act of 2021 Does Not Apply Retroactively to the Board's Decision to Deny Petitioner Parole in July 2020 And Does Not Provide for Two Release Eligibility Date Parole Hearings.

Generally, statutes are not given retroactive effect unless the legislature has clearly expressed an intention for the new statute to be applied retroactively. *C-Wood Lumber Co., Inc. v. Wayne Cnty. Bank*, 233 S.W.3d 263, 282 (Tenn. 2007) (citing *In re D.A.H.,* 142 S.W.3d 267, 273 (Tenn.2004)); *Nutt v. Champion Int'l Corp.,* 980 S.W.2d 365, 368 (Tenn. 1998). This is especially true for amendments to existing statutes that change substantive, as opposed to procedural, matters. *C-Wood Lumber Co.*, 233 S.W.3d at 282. When asked to determine whether statutory amendments should be applied retroactively, courts may look to the legislative history of the statute generally and in particular to the legislative intent, if any, regarding retroactivity. *Id.* (internal citation omitted).

In this case, the Tennessee General Assembly expressed a clear intent that all amendments made to Tenn. Code Ann. § 40-35-503, including the creation of a presumption of parole in subsection (b), should not apply retroactively. *See* Reentry Success Act of 2021, H.B. 785, 112th Tenn. Gen. Assemb., 1st Reg. Sess. (stating that amendments to Tenn. Code. Ann. § 40-35-503 "apply to parole determinations made on or after" July 1, 2021). Since the Board decided to deny Petitioner parole prior to the July 1, 2021, the effective date of the Reentry Success Act of 2021, Petitioner was not entitled to a presumption of parole.

A release eligibility date is the earliest date that an inmate convicted of a felony is eligible for parole. *Stewart v. Schofield*, 368 S.W.3d 456, 463 (Tenn. 2012); *see also* Tenn. Code Ann. § 40-35-503(n). The Board held Petitioner's release eligibility date parole hearing on July 22, 2020. Petition, at 10; Ex. 1, Att. 6. At the time of said parole hearing, the Board was required "to conduct a hearing within a reasonable time prior to a defendant's release eligibility date *to determine a*

*defendant's fitness for parole.*"  Tenn. Code Ann. § 40-35-503(d)(1) (2019) (emphasis added). Because the Board denied Petitioner parole prior to July 1, 2021, the Board had already determined prior to the effective date of the Reentry Success Act of 2021 that Petitioner was not fit for parole on his release eligibility date.  The Reentry Success Act does not change the law that an inmate has one release eligibility date parole hearing.  Petitioner will be entitled to the presumption of parole afforded by the Reentry Success Act at his subsequent parole hearing, scheduled for July 2022.  *See* Tenn. Code Ann. § 40-35-503(i)(1).  But the Reentry Success Act does not provide for nor entitle Petitioner to a second release eligibility date parole hearing.

**IV.     The Board's Rules and Regulations Do Not Provide for the Reopening of the July 2020 Decision to Deny Petitioner Parole Based Upon Alleged Significant New Information.**

Petitioner's argument that the enactment of the Reentry Success Act of 2021 is "significant new information" that requires the Board to reopen its decision to deny Petitioner parole in July 2020 is without merit.  Specifically, Petitioner argues that the Act itself is "significant new information" that requires the Board either to release Petitioner on parole upon reaching his release eligibility date or hold a hearing and demonstrate good cause to deny him such release before then.

Rule 1100-01-01-.09(d) of the Tennessee Board of Parole provides that "[u]pon receipt of significant new information, [the Board] may, on its own motion, reconsider any parole grant case prior to the release of the inmate and may reopen and advance or delay a parole date."  The Rule does not apply to individuals like Petitioner who were *denied* parole.  *See generally* Rule 1100-01-01-.09 (applying to instances in which parole has been granted).   Therefore, the Board's Rules and Regulations do not provide authority for the Board to reopen its decision to deny Petitioner parole.

10

## CONCLUSION

For the reasons stated above, Respondent, Tennessee Board of Parole, respectfully requests this Court dismiss the Writ of Certiorari with prejudice.

Respectfully submitted,

HERBERT H. SLATERY, III
Attorney General and Reporter

s/ Thomas J. Aumann
THOMAS J. AUMANN, BPR #34046
Assistant Attorney General
P. O. Box 20207
Nashville, Tennessee 37202
Phone: (615) 532–2551
thomas.aumann@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify a true and exact copy of the foregoing has been sent by first-class mail, postage prepaid, on this 7th day of September, 2021, to:

Daniel A. Horwitz
Lindsay B. Smith
Horwitz Law, PLLC
4016 Westlawn Drive
Nashville, Tennessee 37209
daniel@horwitzlaw.com
lindsay@horwitzlaw.com

s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Attorney General

11

Case 3:22-cv-00238   Document 23-2   Filed 07/11/22   Page 11 of 11 PageID #: 182